IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-02932-RBJ-BNB

VORTEK INSTRUMENTS, LLC, a Colorado limited liability company

    Plaintiff.

v.

FIRSTIER BANK, INC, a Colorado Corporation,
FEDERAL DEPOSIT INSURANCE CORPORATION, a Washington, D.C., corporation duly appointed receiver for Firstier Bank, Inc.

    Defendants.

---

ORDER

---

This matter is before the Court on Federal Deposit Insurance Corporation's Motion to Dismiss for Lack of Subject Matter Jurisdiction [#4], Vortek Instrument's Motion to Hold Proceedings in Abeyance [#9], and Vortek's Motion to Remand [#10]. All motions are fully briefed and ripe for review.

**Facts**

This case arises out of two fraudulent transfers made from Vortek Instruments, Inc.'s ("Vortek") accounts at Firstier Bank. Complaint [#2] at ¶7. On or around February 10 and 11, 2010 transfers in the amounts of $43,769.80 and $49,990.50 were initiated from Vortek's account. *Id.* On February 12, 2010 Firstier notified Vortek via E-Mail that its account had insufficient funds. *Id.* at ¶8. Vortek then contacted Firstier and attempted to freeze the account, create a new login and username, add additional security measures, and request that Firstier

1

monitor the account over the upcoming three-day weekend. *Id.* at ¶¶10-11. Despite requesting these measures, on February 13, 2010 the general manager was able to log-in to Vortek's account without answering any additional security questions. *Id.* at ¶12. Only when access was requested from a computer with a different IP address, was the general manager required to input additional information. *Id.* at ¶13. On February 19, 2010, a week after the transfers, Greer Nicholson, the Vice President at Firstier, asked Vortek to file an online report with the FBI. *Id.* at ¶14.

Firstier later discovered that the transfers were initiated by an unauthorized individual who had obtained Vortek's username and password illegally through malware sent over the internet. *Id.* at ¶15. Vortek contends that at all times it followed Firstier's reporting instructions and procedures, but Firstier failed to properly investigate Vortek's reports. *Id.* at ¶¶16-17. Vortek contends that Firstier failed to implement adequate security measures, failed to detect improper transfers, and did not adequately respond to notifications of improper transfers. *Id.* at ¶¶19-21. Vortek alleges that Firstier's online banking security procedures were inadequate and commercially unreasonable. *Id.* at ¶¶31-40. Of the $93,760.30 transferred out of Vortek's account without authorization, Firstier has only recovered and reimbursed $23,201.90 to Vortek. *Id.* at ¶42.

On January 28, 2011 Firstier Bank was closed by the State Bank Commissioner on the order of the Banking Board of the Colorado Division of Banking. *Id.* at ¶26. The Federal Deposit Insurance Corporation ("FDIC") was named as the receiver. *Id.* On February 9, 2011, Vortek filed a proof of claim with the FDIC seeking recovery for all of its losses and damages. *Id.* at ¶¶27-28. The FDIC did not respond to Vortek's proof of claim within the 180 day statutory

period, and therefore Vortek's claim is deemed to have been disallowed and Vortek could then file suit.

On October 5, 2011 Vortek instituted this action in Colorado State Court in Boulder County. [#1]. Vortek alleges the following claims: (1) Violations under UCC §§4A-202 and 203, (2) Breach of Contract, (3) Negligence, and (4) Breach of fiduciary duty. [#2]. On November 9, 2011 the FDIC removed the action to this Court pursuant to 28 U.S.C. §1442(a) and 12 U.S.C. §1819(b)(2)(B) [#1].

Now, the FDIC seeks to dismiss this action for lack of jurisdiction. [#4]. Vortek has filed a response [#7], and the FDIC filed a Reply [#8]. Vortek also filed a Motion to Remand [#10]. The FDIC filed a response opposing the motion [#12], and Vortek filed a Reply [13].

**Conclusions**

Motion to Dismiss for Lack of Subject Matter Jurisdiction [#4]

The FDIC argues that this Court lacks subject matter jurisdiction because: (1) State courts have no jurisdiction over post-receivership actions against the FDIC seeking payments from the assets of the failed bank, and (2) this Court's jurisdiction on removal is derivative of the state court, and therefore this Court lacks jurisdiction.

The FDIC maintains that the Boulder County District Court never had jurisdiction over Vortek's claims. Under 12 U.S.C. §1821(d)(13)(D) no court has jurisdiction over:

> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or (ii) any claim in relation to any act or omission of such institution or the Corporation as receiver.

The statute does provide for jurisdiction in the district of the United States where the depository institution's principal place of business is located, or in the United States District Court for the District of Columbia.  12 U.S.C. §1821 (d)(6)(A)(ii).

The FDIC maintains that Vortek's suit is a post-receivership suit that is seeking payments from a failed bank, and therefore falls within the purview of the statute.  In contrast, Vortek argues that all of its claims relate to acts that occurred almost a year prior to the FDIC's receivership, and Vortek is not asserting any claims against the FDIC.  Therefore this action is not limited by the jurisdictional provisions of the statute.  The only allegations alleged against the FDIC in Vortek's complaint are that the FDIC "failed to respond to Vortek's proof of claim within the statutory time period."  [#2] at ¶29.  Vortek further alleges that the FDIC, as receiver, has refused to reimburse Vortek for its' losses.  *Id.* at ¶42.

Although Vortek states that it has only included the FDIC in this suit because of its status as a receiver, and not because of any wrongdoing on the part of the FDIC, it is clear from the language of the statute that this action falls within its purview.  This action is a "claim or action for payment from…the assets of [a] depository institution for which the Corporation has been appointed as receiver."  Therefore, this action, as articulated in 12 U.S.C. §1821(d)(6)(A)(ii) can only be brought in the United States District Court for the District of Columbia, or the district where the depository's principal place of business is located.  The Boulder Court District Court lacked jurisdiction.

Firstier's principal place of business is in Colorado.  Therefore the District of Colorado would have subject matter jurisdiction under Section 1821 if it were filed in this Court in the first instance.  However, under the doctrine of derivative jurisdiction removal did not cure Vortek's jurisdictional defect.

4

The doctrine of derivative jurisdiction holds that "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Minn. v. U.S.,* 305 U.S. 382, 389 (1939). This doctrine has been overruled with regard to those cases removed pursuant to 28 U.S.C. §1441, the general removal statute. Section 1441(f) clearly states that the "court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court…did not have jurisdiction over the claim." The additional words "in this section" added to section 1441(f) by Congress in 2002 have been interpreted by a majority of circuit and district courts to indicate that derivative jurisdiction still survives in removal actions brought under statutes other than section 1441. *See In re Gray*, 162 F.3d 1172 (10th Cir. 1998) (unpublished) (finding that removal pursuant to 28 U.S.C. §1442(a) is derivative of the state court); *See also FBI v. Superior Ct. of Cali.*, 507 F.Supp.2d 1082 (N.D. Cal. 2007); *Barnaby v. Quintos*, 410 F.Supp.2d 142, 144-45 (S.D.N.Y. 2005); *Edwards v. US Dept. of Justice*, 43 F.3d 312 (7th Cir. 1994).

Therefore, according to the FDIC, because the Boulder County District Court did not have subject matter jurisdiction, upon removal pursuant to Section 1442 this Court also has no subject matter jurisdiction and thus must dismiss the case. Vortek does not dispute the state court's lack of jurisdiction, but instead argues that removal under Section 1442 was improper. Vortek argues that it has not asserted any claims against the FDIC or its officers for acts done while under color of office, and therefore Section 1442 does not apply.

Section 1442 (a)(1) provides for removal of a civil action that is against or directed to:

The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an individual capacity, for or relating to any act under color of such office…

5

In its' response, Vortek quotes a pre-2011 amendment version of the statute that did not contain the language "or relating to." Thus Vortek based its argument on the fact that it is not suing the FDIC for acts or violations committed under color of office. However, Vortek is bringing an action against the FDIC for actions *relating to* its role as an appointed-receiver. Vortek's allegations that the FDIC failed to respond to their claims, and refused to reimburse them, is sufficient to "relate" the FDIC's official role to the underlying action. Further, although there is no case law interpreting the 2011 amendment as of yet, it appears to this Court on a plain-reading of the statute that the amendment sought to broaden Section 1442's reach. Therefore, the Court finds that removal was proper under Section 1442.

The FDIC also removed this action pursuant to 12 U.S.C. §1819(b)(2)(B). In their response, Vortek admits that removal under Section 1819 was proper, stating "Plaintiff does not contest the FDIC-R's general authority to remove this case to federal court. The FDIC has a statutory right to remove cases from state court to federal court pursuant to [12 U.S.C. §1819(b)(2)(B)]." [#7] at 5. Despite that admission, Vortek filed a Motion to Remand less than a month later on the basis that removal was improper under 12 U.S.C. §1819 [#10].

As the Court has determined that removal was proper pursuant to 28 U.S.C. §1442, and that the Boulder County District Court lacks subject matter jurisdiction, it need not address Vortek's additional argument in its motion to remand. However, the Court will briefly state that the relevant removal provision providing that the FDIC may "remove any action, suit, or proceeding from a State court to the appropriate United State district court before the end of the 90-day period beginning on the date of the action…" applies here. 12 U.S.C. § 1819 (b)(2)(B). The Court further finds that the exception found in 12 U.S.C. § 1819(b)(2)(D) does not apply as the third prong has not been met. The FDIC has asserted federal jurisdiction defenses and has

not yet filed an answer detailing other possible federal defenses. *See Nolte Assoc., Inc. v. Hotel Gold Crown Champa, LLC,* 2012 WL 32662 (D.Colo. 2012) (declining to find the Section 1819(b)(2)(D) exception applies prior to the filing of defendant's answer). Perhaps most importantly, the Court has found that the Boulder County District Court lacks subject matter jurisdiction, and Vortek has offered no argument to refute that conclusion. Therefore, remand would be futile.

### Order

Accordingly, the Court orders the following:

> The FDIC's Motion to Dismiss [#4] is GRANTED,
>
> Vortek's Motion to Remand [#10] is DENIED, and
>
> Vortek's Motion to Hold in Abeyance [#9] is DENIED as MOOT.

The Court enters its final judgment dismissing this civil action and all claims therein with prejudice. The defendant is awarded their costs to be taxed by the Clerk of the Court pursuant to Fec. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

> DATED this 24th day of August, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge